**CV 12 - 5179**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**BRODIE, J.**

-------------------------------------------------------

KHIBA IZRAIL on behalf of himself and
all other similarly situated consumers

**J. ORENSTEIN, M.J.**

                Plaintiff,

    -against-

GLOBAL MANAGMENENT LEGAL GROUP, LLC

                Defendant.

-------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Khiba Izrail seeks redress for the illegal practices of Global Management Legal Group, LLC concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff a consumer debt.

4. Upon information and belief, defendant's principal place of business is located in Louisville, Kentucky.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

-1-

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Khiba Izrail*

9. Upon information and belief, on a date better known by defendant, defendant began to attempt to collect an alleged consumer debt from the plaintiff.

10. On or about August 27, 2012, defendant sent the plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. Said letter fails to identify the name of the current creditor in violation of 15 U.S.C. §§ 1692g(a)(2), 1692e and 1692e(10).

    15 U.S.C. § 1692e(10) provides: A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

12. The August 27, 2012, merely states "Biltmore Asset Management" as the original creditor.

See Suquilanda v. Cohen & Slamowitz, LLP, 2011 U.S. Dist. LEXIS 102727 (S.D.N.Y. Sept. 7, 2011) (A collection letter that falsely listed the creditor under a different name states a claim for relief under section 1692e(10). The court noted that If a Letter falsely listed an unregistered entity that did not own plaintiff's debt, or the Letter listed a different creditor, the least sophisticated consumer could be confused as to which entity was the creditor thus the plaintiff had plausibly alleged a violation of section 1692e(10).) See Russell v. Equifax A.R.S., 74 F.3d 30, 1996 U.S. App. LEXIS 1042 (2d Cir. N.Y. 1996) (concluding that a letter sent subsequent to a validation notice violated section 1692e where "it advance[d] a message that is open to an inaccurate yet reasonable interpretation by the consumer, and is therefore deceptive as a matter of law."); see also Sparkman v. Zwicker & Assocs., P.C., 374 F. Supp. 2d 293, 301-02 (E.D.N.Y. 2005) (granting plaintiff summary judgment in a 1692g(a)(2) claim and explaining that "[t]he least sophisticated consumer would not deduce from reading the collection letter that the name of the creditor seeking collection is 'The Bureaus'"); Schneider v. TSYS Total Debt Mgmt., Inc., 2006 U.S. Dist. LEXIS 48177, 2006 WL 1982499, at *4 (E.D.Wis. July 13, 2006) (denying motion to dismiss in 1692g(a)(2) claim where plaintiff alleged that defendants listed "Target" as the creditor rather than the full name of the creditor); Hepsen v. J.C. Christensen and Assocs., Inc., 2009 U.S. Dist. LEXIS 92717, 2009 WL 3064865, at *5 (M.D.Fla. Sep. 22, 2009) (concluding that the defendant violated 1692e(10) by incorrectly listing the name of the current creditor) Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 25 (2d Cir. 1989). (Because the collection notice was reasonably susceptible to an

inaccurate reading, it was deceptive within the meaning of the Act) Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993). (collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate) Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. N.Y. 1996) (a collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate. The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10) of the Act.) Campuzano-Burgos v. Midland Credit Mgmt., Inc., 550 F.3d 294 (3d Cir. 2008). (The court summarized the law of deception under the least sophisticated consumer standard: A communication is deceptive for purposes of the Act if: "it can be reasonably read to have two or more different meanings, one of which is inaccurate". This standard is less demanding than one that inquires whether a particular debt collection communication would mislead or deceive a reasonable debtor) Dutterer v. Thomas Kalperis Int'l, Inc., 2011 WL 382575 (E.D. Pa.Feb. 4, 2011). (A communication that could be "reasonably read to have two or more different meanings, one of which is inaccurate," is considered deceptive.) Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008). (It is a remedial statute that we 'construe . . . broadly, so as to affect its purpose.' " Communications are to be analyzed under the least sophisticated debtor standard. A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate.) Smith v. Harrison., 2008 WL 2704825 (D.N.J. July 7, 2008). (A debt collection letter "is deceptive when it can be reasonably read to have two or more different meanings, one of which is

inaccurate.'') Brown v. Card Serv. Ctr., 464 F.3d 450 (3d Cir. 2006). FDCPA is remedial, strict liability statute to be liberally construed. Communications from collectors to debtors are analyzed from the perspective of the least sophisticated consumer. A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate. Holmes v. Mann Bracken, L.L.C., 2009 WL 5184485 (E.D. Pa.Dec. 22, 2009). Where defendant sent the communication knowing that the contents could be ''deceptive'' because such communication could have ''two or more different meanings, one of which is inaccurate,'' the court denied defendant's motion for summary judgment Reed v. Pinnacle Credit Servs., L.L.C., 2009 WL 2461852 (E.D.Pa. Aug. 11, 2009). (Objective least sophisticated consumer standard applies. Thus, where there are two possible meanings to a communication, one of which is inaccurate, the least-sophisticated consumer could be misled or deceived by that inconsistency.) Mushinsky v. Nelson, Watson & Assoc., L.L.C., 642 F. Supp. 2d 470 (E.D. Pa. 2009). A collection letter is deceptive if it can reasonably have two meanings, one of which is inaccurate. Dutterer v. Thomas Kalperis Int'l, Inc., 2011 WL 382575 (E.D. Pa. Feb. 4, 2011). A notice that could be ''reasonably read to have two or more different meanings, one of which is inaccurate,'' Dutton v. Wolhar, 809 F. Supp. 1130 (D. Del. 1992) ("least sophisticated debtor is not charged with gleaning the more subtle of the two interpretations" of a collection notice).

13. Defendant violated 15 U.S.C. §§ 1692g(a)(2), 1692e and 1692e(10) for falsely representing that "Biltmore Asset Management" was plaintiff's creditor.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by plaintiff on behalf of himself and the members of a class, as against the defendant.*

14. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirteen (13) as if set forth fully in this cause of action.

15. This cause of action is brought on behalf of plaintiff and the members of a class.

16. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter by Global Management Legal Group, LLC, (a) bearing the defendant's letterhead in substantially the same form as the letters sent to the plaintiff on or about August 27, 2012; (b) the collection letter was sent to a consumer seeking payment of a personal debt; and (c) the collection letter was not returned by the postal service as undelivered, and (d) the defendant violated 15 U.S.C. §§ 1692g(a)(2), 1692e and 1692e(10) for falsely representing that "Biltmore Asset Management" was plaintiff's creditor.

17. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A) Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received such collection letters, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

18. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

19. If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

20. Collection letters, such as those sent by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

21. The defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

22. Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in his favor and against the defendant and award damages as follows:

(a) Statutory and actual damages provided under the FDCPA, 15 U.S.C. 1692(k);

(b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c) Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
October 11, 2012

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

_____
Adam J. Fishbein (AF-9508)

**GLOBAL MANAGEMENT LEGAL GROUP, LLC**
PO BOX 43546
Louisville, Kentucky 40253

Phone: 502-259-0600
Fax:    502-259-0601

Toll Free: 888-793-5434
Online access: http://www.gmlg.com

August 27, 2012

Khiba Izrail
1740 E 18th St
Brooklyn NY 11229-2104

Dear Khiba Izrail:

Biltmore Asset Management has acquired the following account and is collecting the amount due through GMLG, Global Management Legal Group, LLC.

    ORIGINAL CREDITOR: Biltmore Asset Management
    REFERENCE: FIELD:
    BALANCE DUE:   $8,674.87

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request validation from this office in writing, within 30 days after receiving this notice, this office will provide you with the name of and address of the original creditor, if different from the current creditor.

Considering the IMPORTANCE of this issue and the need to resolve it in a timely fashion, your complete cooperation is requested.

At the present time, GMLG, LLC has only been retained by Biltmore Asset Management to attempt to negotiate a non-legal solution of your account and to determine your ability to pay. No attorney has personally reviewed the particular circumstances of your account.

**This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.**

Please review the Privacy Notice inserted with this letter for an explanation of the account owners' policies and procedures regarding the use of non-public, personal information.

gmlg01x.frm - G0026256

## Biltmore Asset Management
## PRIVACY STATEMENT

Federal laws require that Biltmore Asset Management along with financial institutions, explain to its customer what information it collects and how it discloses this information in order to provide services. In order to meet the requirements, the following in Biltmore Asset Management's statement:

Biltmore Asset Management, collects nonpublic personal information about you from the following sources: Information it receives from you on applications or other forms; information about transactions with its affiliates, or other information we receive from a consumer reporting agency or other third party sources.

Biltmore Asset Management does not disclose any nonpublic personal information about our customers to anyone, except as permitted by law.

Biltmore Asset Management restricts access to nonpublic information about you to those employees or third parties who need to know the information in order to be able to service your account, enforce any obligation you owe, or relating to the collection or sale of an obligation you owe, or relating to the collection or sale of an obligation you owe.

This statement is for information purposes only and requires to action on your part, nor does this statement reflect a change in the way Biltmore Asset Management conducts its business. Confidentiality has always been extremely important to us and we appreciate the importance of protecting your privacy.

### Colorado:
FOR MORE INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE
www.coloradoattorneygeneral.gov/ca.
"A consumer has the right to request in writing that a debt collector or collection agency cease further communication with consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by the law to collect the debt."

### Massachusetts Residents:

### NOTICE OF IMPORTANT RIGHTS
YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH A REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR.

### New York City Residents:
New York City Department of Consumer Affairs, license number 1388733.

### Minnesota:
This collection agency is governed by the Minnesota Department of Commerce. Minn. Statute 332.37(21) (WESTLAW through 2006 Reg. Sess. Laws through ch. 173).

### Wisconsin:
This collection agency is governed by the Division of Banking. P.O. Box 7876, Madison, Wisconsin 53707.

### North Carolina:
North Carolina Department of Insurance Permit Number 104469.

### California Residents:
"The Federal Fair Debt Collection Practices Act requires that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgement. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov."